[Civ. No. 88. Fourth Appellate District.—October 27, 1930.]

N. H. LEGGETT, Respondent, v. A. S. COOPER et al., Defendants; ANNE E. COOPER, Appellant.

Henry C. Mack for Appellant.

G. W. Zartman for Respondent.

THE COURT.—The plaintiff and respondent conducted one or more stores in the city of Tulare, county of Tulare, state of California. The defendant and appellant, Anne E. Cooper, was employed by respondent as a clerk from about July, 1922, to about January, 1924, when she left his employ and went to the city of Stockton, California. The defendant A. S. Cooper is her husband.

In September, 1924, appellant returned to one of the stores of respondent in Tulare and was there seen stealing and carrying away merchandise. A few days later two employees of respondent went to the city of Stockton and located the residence of appellant and her husband. They

found the husband, and with his consent and assistance opened appellant's trunk and found therein a large quantity of merchandise which had been taken from respondent's store in Tulare. They also found a number of unopened bundles of merchandise which had been shipped from respondent's store in Tulare to appellant in Stockton. They also found a number of dresses and other wearing apparel which showed slight wear and which appellant subsequently admitted had been stolen by her from respondent. Appellant had several trunks stored at another address which were opened and found to contain merchandise belonging to respondent. With the consent of appellant's husband all of the merchandise so recovered, which had not been worn, was shipped back to respondent in Tulare.

On the night of the same day, and after the new goods had been returned to respondent, appellant and her husband were interviewed by the employees of respondent at their hotel in Stockton. At this conference, according to the testimony of the witnesses for respondent, appellant was informed of the shipment of all the new goods back to respondent. She admitted stealing these goods from respondent, as well as the slightly worn merchandise, together with small sums of money, and a large amount of other merchandise, which she had sent as presents to her relatives residing in other states. The question of making restitution for the stolen money and merchandise which could not be returned, namely, the worn goods and those sent to relatives of appellant, was discussed between appellant and her husband on the one side and R. E. LaPosea and his wife, the employees of respondent, on the other. Mrs LaPosea testified that she listed the articles which appellant admitted stealing from respondent and which were not returned, together with the money taken, and their respective values as given her by appellant, and that this valuation totaled between $1250 and $1300. A paper was prepared for the signature of appellant in which she admitted the thefts of the unreturnable property and the money. Her husband, however, objected to the amount, protesting that the valuation of $1250 was too large. After a considerable discussion it was finally decided by the four that the valuation of the stolen goods which could not be returned, together with the money taken, was $1,000, and that appellant would repay this amount to respondent. The

negotiations resulted in an instrument being signed by appellant in words and figures as follows:

"Stockton, California
"Nov. 24th, 1924.

"I hereby voluntarily admit I stole from N. H. Leggett of Tulare California the following listed amount. I hereby release and forever discharge the N. H. Leggett their officers, agents, and employees, jointly and severally from all claims I now have or ever had against them, their officers, agents and employees, by reason of any statement, charge or thing whatsoever made by them concerning me. I sign this of my own free will, under no duress and with no promise of immunity. Merchandise and money for 14 months—ending about Jan. 5th, 1924, amounting to One Thousand Dollars—$1000.00.

"Signed Mrs. A. S. Cooper.

"Witness:
"A. S. Cooper
"R. E. LaPosea."

It appears from the testimony of the witnesses for respondent that appellant admitted the theft of this wearing apparel and money from respondent, and that the valuation was fixed as a matter of compromise between the parties, the representatives of respondent maintaining that the total value was in excess of $1,000, and appellant and her husband that the value was $1,000 or less. It also clearly appears from the testimony of Mrs. LaPosea that these negotiations at the hotel between the parties, and the written instrument referred only to the money taken and to the merchandise which had either been worn by appellant or given away by her so that it could not be returned and placed in stock. At the time of the signing of this document appellant was fully informed that all new merchandise had already been returned to respondent. The description or valuation of the merchandise returned was not discussed at the conference which resulted in the signing of the written instrument.

Appellant failed to pay for the stolen property not returned and respondent brought this suit to recover its value. The trial court found in his favor on all questions at issue and rendered judgment against appellant in the sum of $1,000. A judgment of nonsuit was entered in favor of

A. S. Cooper who had no knowledge of the thefts of his wife. From this judgment appellant appeals primarily upon the ground that the evidence does not support the findings of the trial court as to the value of the stolen property not returned.

It is true that on the witness-stand appellant denied stealing any merchandise or money from respondent. She further testified that all of the merchandise bearing the price marks of respondent which were found in her possession had been purchased and paid for by her, and filed a cross-complaint for the value of the merchandise returned. The trial court, however, found against all her contentions. ■ The evidence for respondent and appellant presents a sharp conflict which the trial court resolved in favor of respondent. In our opinion the evidence is ample to support the findings of the trial court, and these findings are binding upon this court on appeal. We cannot disturb a judgment merely because of a conflict in the evidence. This rule of law is too elementary to need citation of any authorities to sustain it.

■ According to the testimony of the witnesses for respondent, appellant actually admitted the theft and a consequent indebtedness to respondent. A controversy arose over the amount of this indebtedness. This controversy was finally settled by the parties, who agreed upon the sum of $1,000 as the value of the property stolen by appellant and not returned to respondent. Appellant assisted in fixing this valuation of the stolen property not returned. It is therefore binding upon her and she cannot complain because the trial court took this valuation as a basis of its judgment against her.

■ Appellant plead the statute of limitations as a bar to respondent's demand. The trial court found against her on this defense and she complains of this finding and maintains that it is not supported by the evidence and is contrary to the evidence. It appears from the record that appellant was employed by respondent in July, 1922, and left early in January, 1924. The complaint was filed on September 23, 1925. R. E. LaPosea testified that appellant said during the conference in Stockton that she did not begin her peculations until a number of months after the commencement of her employment. The written confession of appellant recites that the thefts had taken place during the period

of fourteen months ending on January 5, 1924. There is nothing in the record to fix the exact dates of the various acts of larceny and nothing which would compel the trial court to conclude that any thefts occurred at such a time prior to the filing of the complaint that any portion of respondent's demand was barred by the statute of limitations. Therefore, the trial court having found against this contention of appellant, its finding cannot be disturbed here.

The findings are supported by ample and competent evidence and the findings support the judgment. There is no prejudicial error in the record.

Judgment affirmed.

STROTHER, J., *pro tem.*, Dissenting.—I dissent. This is an action for conversion of merchandise and money, alleged to have been received by defendants, which belonged to plaintiff, and which, upon demand, they refused to deliver to plaintiff. It is also alleged that defendants admitted in writing their wrongful receipt of the property.

The answer denies the receipt of the property by the defendants and the making of the alleged admission, and by way of counterclaim sets up the wrongful taking and withholding by plaintiff of certain personal property of defendants.

At the close of plaintiff's evidence, the court, on motion, granted a nonsuit as to the defendant A. S. Cooper, and at the conclusion of the trial, ordered judgment against the other defendant, who appeals from the judgment entered against her.

The court found that it was true that the defendant Anne E. Cooper received, between July 22, 1922, and January 5, 1924, merchandise and money to the amount alleged in the complaint, which belonged to plaintiff; that plaintiff upon discovery of the facts, on November 23, 1924, made demand upon defendant for return of the property, but that she failed to return it; that said defendant on November 24, 1924, signed an admission in writing that she had received money and property belonging to plaintiff, in the amount claimed.

The appellant had been employed by the plaintiff in his store in Tulare, and had quit her employment and moved with her husband to Stockton. While on a visit to Tulare

she was observed by a Mrs. LaPosea taking some articles of wearing apparel.

A few days later, at the instance of plaintiff, Mrs. LaPosea went to Stockton to get a settlement with appellant for property stolen. Appellant admitted considerable thefts from plaintiff while in his employ, amounting to $1,000 in value and signed a written admission as follows:

"Stockton, California,
"Nov. 24, 1924.

"I hereby voluntarily admit I stole from N. H. Leggett, of Tulare, California, the following listed amount. I hereby release and forever discharge the N. H. Leggett, their officers, agents and employees, jointly and severally, from all claims I now have or ever had against them, their officers, agents and employees, by reason of any statement, charge or thing whatsoever made by them concerning me. I sign this of my own free will under no duress and with no promise of immunity. Merchandise and money for 14 months, ending about Jan. 5, 1924, amounting to one thousand dollars $1,000.00.

"(Signed) MRS. A. S. COOPER."

The only evidence introduced by plaintiff in support of his cause of action was the above signed statement and the testimony of Mrs. LaPosea of the theft by appellant, on the occasion of her visit to Tulare, of articles worth about $24, and the additional testimony of Mrs. LaPosea and her husband relating to their conversation with the appellant in Stockton, which was practically to the same effect as the signed statement. No evidence of the taking of any specific article or money was introduced. Mrs. LaPosea further testified to the recovery by her, with the assistance of appellant's husband and, apparently without appellant's knowledge, of a large amount of merchandise with plaintiff's tags on the articles, which were shipped back to plaintiff.

The plaintiff himself testified at the trial as follows: "Q. You are jocular when you say two truck loads, you are not testifying as a fact you recovered two truck loads? A. I think the automobile made three, if not three or four big sedan cars, and I am not sure one of the transfer men didn't go down and bring up a load also. That was Tulare."

He further testified: "I didn't take any inventory. Those

goods were placed in a box, and they were nailed up, and they have been nailed up ever since.''

The plaintiff alleged in his complaint a demand and refusal of appellant to return the goods. As his testimony and that of his other witness was to the effect that a considerable part of the goods was returned and was in his possession at the time of the trial, he failed to sustain the charge in the complaint that the goods were not returned, at least to the extent of the value of the goods that were returned. Aside from the fact that those articles were returned, he had no evidence, except the general confession of appellant, that any goods were taken. As to what the value of the goods returned was, he, certainly, and probably no one else, was in a position to ascertain.

As the allegation of the complaint as to the return of the goods, and the finding of the court thereon, is not supported by the evidence, the judgment should be reversed. The pleadings in the case are not so framed as clearly to present the issues, and should be amended.

The judgment should be reversed and the court below directed to try the cause anew upon such amendments to the pleadings, if any, as the parties may be advised to make.